IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUDITH HAMILTON,

      Plaintiff,

vs.

SUN LIFE ASSURANCE COMPANY OF CANADA,

      Defendant.

Civil Action No.: 2:23-cv-356

**COMPLAINT**

AND NOW, comes the Plaintiff, Judith Hamilton, by and through her counsel, David A. Martin, Esquire and the law firm of Robert Peirce & Associates, P.C. and files the within Complaint to recover benefits due under a policy of disability insurance issued by the Defendant, Sun Life Assurance Company of Canada, and to recover for the Defendant's bad faith denial of benefits.

**JURISDICTION AND VENUE**

1. This action is brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this District, became disabled in this District, was issued the subject insurance policy in this District, and the Defendant is subject to jurisdiction in this District.

1

## PARTIES

1. Plaintiff Judith Hamilton is an adult individual residing at 503 Prada Place, Zelienople, Butler County, Pennsylvania 16063.

2. Defendant Sun Life Assurance Company of Canada is duly incorporated at the address of One Sun Life Executive Park, Wellesley Hills, Massachusetts 02481.

3. Defendant Sun Life Assurance Company of Canada is a subsidiary of Sun Life Financial, Inc.

4. Defendant Sun Life Assurance Company of Canada issued a policy of disability insurance to the Plaintiff, Judith Hamilton.

## FACTS

5. Judith Hamilton, a former Protective Services Supervisor with ACHIEVA for over thirty years, holds Long Term Disability ("LTD") Insurance from Sun Life Assurance Company of Canada (hereinafter "Sun Life"). The Plan Number for this Policy is 241242 (hereinafter "the Policy").

6. On or about August 30, 2019, Ms. Hamilton suffered a basal ganglia stroke resulting in dysarthria and weakness on the right side of her body leading to gait instability and fine motor deficits.

7. Ms. Hamilton's medical conditions also include anti-Jo-1 antibody positive polymyositis, interstitial lung disease, obstructive sleep apnea, hypertension, and hyperlipidemia.

8. As a result of her stroke and other medical conditions, Ms. Hamilton requires supplemental continuous oxygen and assistance from her husband for bathing, eating, and taking medications.

9. Ms. Hamilton has been unable to return to work in any capacity as a result of her stroke, and her medical providers have indicated that she is unlikely to regain complete function of the right side of her body or linguistic ability.

10. After going on FMLA leave following her stroke, Ms. Hamilton filed a claim for Long-Term Disability under the Policy on or about November 22, 2019.

11. Maintaining a claim for total disability and, thus, maintaining eligibility for LTD benefits under the Policy, is contingent upon the applicant's inability to perform the duties of their "Regular Occupation" due to injury throughout the elimination period and the next 24 months.

12. Based on the extent of her disability, Sun Life initially approved Ms. Hamilton's claim and paid her Long-Term Disability benefits monthly until June 30, 2021.

13. On or about June 21, 2021, Sun Life directed that Ms. Hamilton undergo an independent medical evaluation, which found that she had no underlying residual deficits and deemed her fit to return to work in full capacity without restrictions or limitations.

14. Based solely upon this IME review, and in spite of extensive medical documentation to the contrary, Sun Life determined that Ms. Hamilton was not "Totally Disabled" and stopped paying her Long-Term Disability benefits on June 30, 2021.

15. Sun Life explained that Ms. Hamilton's claim had been denied on the basis that she was able to perform the material and substantial duties of a Protective Services Supervisor, which it classified as a sedentary job.

16. In response to this determination, Ms. Hamilton appealed Sun Life's initial claim decision, and in so doing submitted medical records from the following providers to Sun Life for review:

      a.      Allegheny General Hospital;

      b.      Allegheny Pulmonary & Critical Care;

      c.      Heritage Valley – Sewickley;

      d.      UPMC Mercy;

      e.      HealthSouth Rehab Hospital;

      f.      Amanda Bembic, PA-C;

      g.      Justine Kostrub, M.D.;

      h.      Stephen Tunick, M.D.; and,

      i.      Marvin Balaan, M.D.

17. Additionally, Ms. Hamilton provided Sun Life with a copy of her job description and a letter from her supervisor at ACHIEVA corroborating her job requirements.

18. Specifically, Ms. Hamilton's job duties at ACHIEVA required that she provide physical assistance when relocating residents, perform investigations of residences of older adults, which can include hoarder homes and homes where animals, drugs, and/or weapons could be found, work with attorneys and case workers to prepare documents, present evidence, and testify during investigations, and facilitate weekly case meetings with employees to ensure that investigations and supporting documentation are completed and recorded.

19. Ms. Hamilton's job duties also required her to be available 24/7 to respond to emergency situations in private, high-risk residential homes and/or facilities to investigate claims of abuse, violence, or other malfeasance.

20. Still, Sun Life's Vocational Rehabilitation Consultant determined on January 18, 2022 that Ms. Hamilton's job was sedentary in nature, and that her physical capabilities as outlined in a functional capacity evaluation ("FCE") dated January 4, 2022 were consistent with

the demands of her occupation.

21. Of note, the FCE report actually demonstrated significant limitations in Ms. Hamilton's range of motion and active modalities that Sun Life ignored when making its determination.

22. Despite the additional documentation evidencing Ms. Hamilton's injuries and resulting inability to perform the duties of her Regular Occupation or that of any other occupation, in addition to documentation corroborating extensive physical, occupational, and speech therapy, Sun Life upheld its initial claim decision to deny Ms. Hamilton LTD benefits.

23. At this time, Ms. Hamilton has exhausted all of her administrative remedies and now timely brings this action forward as of right pursuant to § 502(a) of the Employee Retirement Income Security Act of 1974.

## COUNT I

## ERISA
## Claim for Benefits Under the Plan - 29 USC 1132(a)(1)(B)

24. Plaintiff incorporates all preceding paragraphs herein as though fully set forth at length herein, and further alleges as follows.

25. The Policy provides the Plaintiff is entitled to LTD benefits based upon her physical disability as described above.

26. Plaintiff is, in fact, entitled to payment of LTD benefits under the Policy because her medical conditions render her "Totally Disabled" under the Policy.

27. Defendant's denial of LTD benefits in light of this constitutes a bad-faith denial of benefits governed by ERISA.

WHEREFORE, the Plaintiff demands judgment in her favor and against the Defendant in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre- and post-judgment interest, plus attorneys' fees and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES

By: /s/ David A. Martin
　　DAVID A. MARTIN, ESQUIRE
　　Pa. I.D. No.: 329281
　　dmartin@peircelaw.com

　　Firm I.D. No.: 839
　　707 Grant Street
　　Suite 125
　　Pittsburgh, PA 15219
　　(412) 271-7229